CHRISTINA A. DiEDOARDO
California Bar No. 258714
Nevada Bar No. 9543
LAW OFFICES OF CHRISTINA DiEDOARDO
201 Spear Street Suite 1100
San Francisco, CA 94105
(415) 839-5098
Christina@diedoardolaw.com
Attorney for Doe Defendant 4

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP | ) Case No.: 10-3851 (SI) |
| | ) |
| Plaintiff, | ) Doe Defendant 4's Motion to Quash Subpoena |
| | ) Pursuant to Fed. R. Civ. P. 45(c)(3) and |
| vs. | ) Motion to Dismiss Pursuant to Fed. R. Civ. P. |
| | ) 12(b)(2) |
| DOES 1-19,inclusive, | ) |
| | ) Date of Hearing: December 9, 2010 |
| Defendants | ) Time of Hearing: 9 a.m. |
| | ) |

**Doe Defendant 4's Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3) and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)**

**Notice of Motion**

TO:    All interested parties

PLEASE TAKE NOTICE that on December 9 ,2010 at 9 a.m or as soon thereafter as counsel may be heard, DOE DEFENDANT 4[1], by and through his attorney of record Christina

---

[1] The subpoena that Defendant is attempting to quash seeks the disclosure of his name, address, phone number and email address.  For the reasons discussed in greater detail in this Motion, based on the nature of the allegedly infringing content, Defendant respectfully possesses a privacy interest sufficient to keep their name, address, phone number and email address out of the public record at this time until the issues of jurisdiction have been resolved by the Court. Moreover, disclosure of Defendant's name and address would moot the motion.  If the Court wishes, Defendant will, by and through his counsel, submit an *in camera* declaration of his true name.  Finally, Plaintiff has specifically identified Doe Defendant 4 by his IP Address number in

A. DiEdoardo of the Law offices of Christina DiEdoardo will bring this Motion to Quash Subpoena pursuant to Fed. R. Civ. P. 45 (c)(3) and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2).

Said Motion shall consist of this Notice, the attached Memorandum of Points and Authorities, the Declaration of Doe Defendant 4 and the complete files and records of this action

## Table of Contents

I.   Introduction ..................................................................................................................... 4

  A.   Summary of Argument ............................................................................................ 4

  B.   Plaintiff Is In the Business Of Producing and Distributing Gay Male Pornography ........... 5

  C.   Plaintiff Sought and Obtained Ex Parte Relief To Take Discovery Prior To the Fed. R. Civ. P 26 Conference ........................................................................................... 6

II.   Argument ...................................................................................................................... 6

  A.   The Court Must Protect the Privacy of Innocent Bystanders With the Same Vigor It Devotes To the Protection of Intellectual Property ................................................ 6

  B.   Doe No. 4 Lacks Sufficient Contacts With The Northern District of California Sufficient for This Court to Exercise Personal Jurisdiction ..................................................... 8

    1.   Definition Of Internet Protocol Address .......................................................... 8

    2.   Purpose ............................................................................................................. 8

    3.   The Plaintiff Knows That Doe No. 4 Does Not Live In California ................... 9

    4.   California, Like Most States, Rejects The Idea Of "Universal Internet Jurisdiction" ... 10

    5.   Venue In This Court Is Improper Under 28 U.S.C. § 1391(b) ...................... 12

the complaint, so it will not be disadvantaged in contesting this motion by its lack of knowledge of Defendant DOE 4's true name. *See* Pltf's Comp., p. 5, ln. 18-22.

6.    Because This Court Lacks Personal Jurisdiction Over Doe No. 4 and Venue Is Imroper Under 28 U.S.C. 1391(b),the Subpoena Should Be Quashed ................................................. 12

7.    Because This Court Lacks Personal Jurisdiction Over Doe No. 4 and Venue Is Improper Under 28 U.S.C. §1391(b), Dismissal Is Required ............................................................ 13

C.    Plaintiff Has Failed To Comply With The Rules Governing Joinder ............................... 13

III.    Affidavit of Doe No. 4 ................................................................... 15

IV.    Conclusion ............................................................................. 16

## TABLE OF AUTHORITIES

### Cases

Boler v. Superior Court, 201 Cal.App.3d 467, 473-474 (1st Dist Ct. App.1987)......................7

Brayton Purcell LLP v. Recordon & Recordon, 606 F3rd 1124, 1126 (9th Cir. 2010) ............13

GTE New Media Services Inc. v. BellSouth Corp., 199 F.3rd 1343 (D.C.Cir. 2000), ..............11

LVRC Holdings v. Brekka, 581 F.3rd 1127, 1130 (9th Cir. 2009). ...................................8

Pavlovich v. Superior Court, 29 Cal 4th 262, 268 (2002) ...............................4, 10, 12

Tele-Media Co. of Western Connecticut v. Antidormi, 179 F.R.D. 75 (D.Conn. 1998)............14

U.S. v. Heckenkamp, 482 F.3rd 1142, 1144 (9th Cir. 2007) ..........................................8

### Statutes

28 U.S.C. § 1391(b)...........................................................................4, 12

28 U.S.C. § 1406(a) ..............................................................................13

28 U.S.C. §1406(b) ...............................................................................13

28 U.S.C. 1391(b)..................................................................................12

### Rules

Fed. R. Civ. P. 12(b)(2)...........................................................................1, 2

Fed. R. Civ. P. 20.................................................................................13

Fed. R. Civ. P. 21 .................................................................................................................15

Fed. R. Civ. P. 45 (c)(3) ..........................................................................................................2

**Fed. R. Civ. P. 45(c)(3)** ...........................................................................................................1

Fed. R. Civ. P. 45(c)(3)(A)(iv) .................................................................................................12

Fed. R.Civ P.  21 ......................................................................................................................4

.

## MEMORANDUM OF POINTS AND AUTHORITIES

# I. Introduction

### *A.  Summary of Argument*

It is the Plaintiff's initial burden to establish that this Court possesses sufficient personal jurisdiction over nonresident prospective Defendants such as Doe No. 4.  Other than relying on a conclusory statement that Doe No. 4's alleged actions were "likely to cause harm" in California, Plaintiff offers no evidence sufficient to meet its burden.  In point of fact, Plaintiff's "effects" argument was soundly rejected by the California Supreme Court eight years ago in <u>Pavlovich v. Superior Court</u>, 29 Cal 4th 262, 268 (2002).  Venue is also improper under 28 U.S.C. § 1391(b) and the Plaintiff has failed to comply with the provisions of Fed. R.Civ P.  21.  Accordingly, the Court should quash the subpoena issued to Earthlink and dismiss Doe No. 4 from this action.

### B. Plaintiff Is In the Business of Producing and Distributing Gay Male Pornography

On August 27, 2010, Plaintiff IO Group Inc. ("IO Group"), filed a complaint with this Court (Dkt#1) alleging that Defendants conspired together using the peer-to-peer ("P2P") network "eDonkey2000" to "reproduce[e] and distribut[e]" certain works on which Plaintiff asserts it owns the copyright.  (Pltf's. Comp., p. 5, ln. 3-4).

According to the complaint, IO Group "has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995)." (Pltf's Comp., p. 3, ln. 13.  The complaint also asserts that "Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica."  (Pltf's Comp., p. 3, ln. 17-20).

IO Group is the parent company of Titan Media[2], through whose Web site, http://www.titanmen.com/, it markets its products, including but not limited to the work it claimed Doe Defendant No. 4 infringed, which it identified as  "Campus Pizza", with a U.S. Registration No. PA 1-597-987, on June 7, 2010, through the "eDonkey2000" P2P protocol.

More prosaically, Plaintiff's Web site describes the work in question as follows: "Dean Flynn is the **Campus Pizza** delivery man bringing a steaming slice of sex door-to-door in the latest sexual epic from the dirty mind of Joe Gage."[3]

---

[2] *See* http://en.wikipedia.org/wiki/Titan_Media#cite_note-gwwm-3 (Last visited October 17, 2010).

[3] *See* http://www.titanmen.com/store/_search.php?page=1&q=campus+pizza (Last visited October 17, 2010) (Emphasis original).

### C.  Plaintiff Sought and Obtained Ex Parte Relief to Take Discovery Prior To the Fed. R. Civ. P 26 Conference

On September 12, 2010, Plaintiff filed a "Miscellaneous Administrative Request to Take Limited Discovery Prior to The Rule 26 Conference" (Dkt. No. 7).

 In that Motion/Request, Plaintiff asserted that it  retained "Media Protector International GmbH (Media Protector International) to locate and document infringing copies of its copyright protected works on the P2P Network eDonkey2000" (Dkt. No. 7, p. 2, ln. 14-17) and that Media Protector "identified locations from which individuals distributed files previously verified to be Io Group movies" and "recorded the IP address and the exact time and date at which it witnessed the infringing files." (Dkt No. 7, p. 2, ln. 18-21).

Plaintiff requested and received approval from this Court to issue a Fed. R. Civ. P. 45 subpoena to the Internet Service Provider that provided Internet connectivity to the 19 IP addresses allegedly located by Media Protector, which is Earthlink.  On or about October 4, 2010, Earthlink sent a letter to Doe No. 4 with a copy of the subpoena and an admonition that Earthlink would release Doe No. 4's personal information unless Doe No. 4 filed a motion to quash or vacate the subpoena by October 19, 2010 and so advised Earthlink.

This October 4, 2010 letter was the first inkling Doe No. 4 had that he was the target of a lawsuit pending several thousand miles away from his home.  This Motion to Quash Subpoena and Dismiss followed.

## II. Argument

### A.  The Court Must Protect the Privacy of Innocent Bystanders With the Same Vigor It Devotes To the Protection of Intellectual Property

If IO Group can establish that it owns the copyright or copyrights to the work or works which are the subject of this lawsuit, no one seriously disputes that it has the right to pursue the

appropriate remedies under the Copyright Act against individuals who have infringed on its rights ***so long as it does so*** in the appropriate Court that has personal jurisdiction over those Defendants ***and*** with due regard for the rules governing joinder of Defendants.

However, it **is** appropriate for the Court to consider the adult subject matter of the works in question—as well as the nature of a world in which more and more people access the Internet through unsecured WiFi routers, usually without any inkling that unauthorized users can appropriate their signal for nefarious purposes-- when it determines whether Doe defendants, such as Doe No. 4, may contest the subpoena without publicly disclosing their true names.

It is well settled that both the U.S. and California Constitutions recognize a constitutional right of sexual privacy which usually trumps a litigant's ordinary discovery prerogatives. *See generally* <u>Boler v. Superior Court</u>, 201 Cal.App.3d 467, 473-474 (1st Dist Ct. App.1987) "Like other aspects of the right of privacy, such as associational privacy and the privacy of personal bank records, the right of sexual privacy may be asserted by a litigant by refusing to answer questions which 'unreasonably intrude' on the right," <u>Boler</u>, <u>id.,</u> at 473.

If Doe Defendant No. 4's name is disclosed to the public record, it will cause all who see it to assume that Doe Defendant No. 4 is gay or bisexual based on the content of Plaintiff's work ***regardless of the actual facts***. Since Doe No. 4 is identified by his Internet Protocol address and given that there are only 19 defendants in total, allowing him to proceed at this point as Doe No. 4 will not impose any undue hardship on Plaintiff or its counsel.

At this stage of the case, when the Court is only confronted with the discrete question of whether it possesses sufficient personal jurisdiction over Doe Defendant No. 4, the prudent and appropriate step is to permit Doe Defendant No. 4 to proceed without disclosing his true name, or, in the alternative, disclosing it only to the Court in an *in camera* filing under seal.

**B.  *Doe No. 4 Lacks Sufficient Contacts With The Northern District of California Sufficient for This Court to Exercise Personal Jurisdiction***

**1.      Definition Of Internet Protocol Address**

Any customer of an ISP who connects their computer to the internet via the ISP is assigned an Internet Protocol (IP) address.  See also U.S. v. Heckenkamp, 482 F.3rd 1142, 1144 (9th Cir. 2007) ("An IP address is comprised of four integers less than 256 separated by periods").  In addition to the customer's IP address, the ISP's network is also assigned its own IP address. See generally LVRC Holdings v. Brekka, 581 F.3rd 1127, 1130 (9th Cir. 2009).

A customer's IP address can either be "static" or "dynamic".  A "static" IP address, as its name would indicate, remains the same over time whether or not the computer and router are turned on or not. If the computer and/or router are turned off, when they are turned back on the ISP will reassign the same address to all computers on its network which have been designated as "static" IPs.   By contrast, a "dynamic" IP address is reassigned by the ISP to the customer periodically within certain parameters set by the ISP's network.

**2.      Purpose**

The purpose of an IP address is to route traffic efficiently through the network. "IP addresses specify the locations of the source and destination nodes in the topology of the routing system. For this purpose, some of the bits in an IP address are used to designate a subnetwork."

As a result, IP addresses serve as a useful tool to determine the general geographic location of both the ISP and the user.  A number of public domain tools are available on the internet, such as ARIN Whois, available at https://ws.arin.net/whois/ , to determine the city, state and country where an IP address is located.  Other free tools, such as http://whatismyipaddress.com/  are available to further narrow down the general location of a user.

**3.      The Plaintiff Knows That Doe No. 4 Does Not Live In California**

Applying Doe No. 4's IP address of  24.206.70.216 as set forth in the subpoena to the

aforementioned free tools  renders the following result

General IP Information
Hostname:      user-0ccshmo.cable.mindspring.com
ISP:    EarthLink
Organization: EarthLink
Proxy: None detected
Type:  Broadband

Assignment:    Dynamic IP

Blacklist:

Geolocation Information
Country:        United States

State/Region:  Texas
City:    Austin
Latitude:        30.3037
Longitude:      -97.7696
Area Code:      512

Postal Code

While the Geolocation extraction from a user's IP address is not 100% accurate, when

errors occur they are errors of tens—not thousands—of miles , which makes the tool useful when

analyzing jurisdictional questions such as the one at bar. Similarly, as set forth in his

accompanying Declaration, Doe No. 4 was not present in California on June 7, 2010 (the date of

the alleged infringement), did not and does not reside in California, has no business or other ties

to California and has not purposely availed himself of this forum.

Based on their statements in the complaint, the Plaintiff is likely to claim that "All

defendants knew or should have known that Plaintiff's principal place of business is in San

Francisco, California and that infringement of its works was likely to cause harm in California."

(Pltf's. Comp., p. 4, ln. 5-8).as justification for this Court to exercise personal jurisdiction over

non-resident defendants like Doe No. 4, who have not been served with process within this state. For the reasons explained below, this argument fails.

**4.     California, Like Most States, Rejects The Idea Of "Universal Internet Jurisdiction"**

The California Supreme Court has held that "California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.)" <u>Pavlovich v. Superior Court,</u> 29 Cal 4th 262, 268 (2002). The Pavlovich Court further held that it was only proper to exercise jurisdiction over nonresident Defendants like Doe No. 4 " 'if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate '"traditional notions of fair play and substantial justice." '" <u>Pavlovich</u>, id.,, at 268 [internal citations omitted].

In <u>Pavlovich,</u> the Court had to determine whether a California court could properly exercise personal jurisdiction over a Texas resident who posted the source code of a program called DeCSS on his Web site.  Since the purpose of DeCSS was to circumvent the copy protection measures installed on film DVDs, the DVD Copy Control Association, a nonprofit trade association controlled by the DVD industry, sued Mr. Pavlovich in California. According to the <u>Pavlovich</u> Court "We granted review to determine whether the trial court properly exercised jurisdiction over Pavlovich's person based solely on the posting of the DeCSS source code on the LiVid Web site. We conclude it did not." <u>Pavlovich</u>, id., at 268.

Noting that "most courts agree that merely asserting that a defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the effects test", <u>Pavlovich</u>, id., at 270-271, the Court specifically endorsed a requirement that a Plaintiff show "additional evidence of express aiming or

intentional targeting" of California before a Court could consider exercising personal jurisdiction over a nonresident like Mr. Pavlovich or Doe No. 4.

In Mr. Pavlovich's case, this "express aiming or intentional targeting" of California was conspicuous by its absence. "Here, LiVid's Web site merely posts information and has no interactive features. There is no evidence in the record suggesting that the site targeted California. Indeed, there is no evidence that any California resident ever visited, much less downloaded the DeCSS source code from, the LiVid Web site. " Pavlovich, id., at 274.

The Court concluded by adopting the holding of the D.C. Circuit Court of Appeals almost ten years ago in   GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.Cir. 2000), which applied longstanding concepts of personal jurisdiction to the Internet and rejected a jurisdictional theory strikingly similar to the Plaintiff's.

In GTE, the plaintiffs asserted personal jurisdiction based on a claim that the defendants acted in concert to redirect users in the District away from the plaintiff's directory and website, to that of the defendants. Id. at 1346. In rejecting the plaintiff's theory, the court explained that it was not enough for plaintiffs to demonstrate personal jurisdiction "based solely on the ability of District residents to access defendants' websites," particularly where there was no evidence of financial harm to the plaintiff in the District of Columbia. Id. at  1349. The court added:

> Indeed, under this view, personal jurisdiction in internet-related cases **would almost always be found in any forum in the country**. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction. … In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence. Our sister circuits have not accepted such an approach, and neither shall we.
> Id. at 1350.

(Emphasis added).

**5.      Venue In This Court Is Improper Under 28 U.S.C. § 1391(b)**

28 U.S.C. § 1391(b) provides "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." (Emphasis added).

Plaintiff's complaint, at least with regard to Doe No. 4,  fails each of the three prongs of the above test.  First, Doe No. 4 does not reside in California.  Second, Plaintiff has identified no facts in support of an argument that "a substantial part of the events or omissions giving rise" to the alleged infringement occurred in California  or that "a substantial part of the [intellectual] property that is the subject of the action is situated" in California, other than the effects test weighed and found wanting by the California Supreme Court in <u>Pavlovich</u>, <u>id</u>.,  Third, since Doe No. 4 can be sued in the United States District Court for the Western District of Texas, there is no need to search for a district where "any defendant may be found".

**6.      Because This Court Lacks Personal Jurisdiction Over Doe No. 4 and Venue Is Improper Under 28 U.S.C. 1391(b),the Subpoena Should Be Quashed**

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), this Court must quash a subpoena when it appears that the subpoena would subject "a person" to undue burden. For the reasons set forth above, this Court lacks personal jurisdiction over Doe No.4 and venue is improper under 28 U.S.C. §1391(b). Furthermore, Plaintiff has alleged no facts which would indicate that they believe Doe No. 4 possess information which would be relevant to this case if he, or any other individual defendant were a non-party.

Since Doe No. 4 cannot be added to this action as an individual Defendant based on the Court's lack of personal jurisdiction over him, elemental fairness and due process requires the subpoena seeking disclosure of his personal customer information from Earthlink to be quashed. As Plaintiff could have determined Doe No. 4's general geographic location by means of a few mouse clicks and elected not to do so, it should not be rewarded for suing someone in the wrong court by being given a free peek at that individual's personal information.

## 7. Because This Court Lacks Personal Jurisdiction Over Doe No. 4 and Venue Is Improper Under 28 U.S.C. §1391(b), Dismissal Is Required

In copyright cases, it is well settled that venue is improper unless the Plaintiff can establish that "the defendant would be subject to personal jurisdiction" in that judicial district. Brayton Purcell LLP v. Recordon & Recordon, 606 F3rd 1124, 1126 (9th Cir. 2010).

As it is Plaintiff's burden to establish that venue is proper—a burden it has completely failed to meet—the Court must turn to 28 U.S.C. § 1406(a), which provides "The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."(emphasis added)

Accordingly, since Doe No.4 has made a sufficient objection to venue as 28 U.S.C. §1406(b) requires, the Court should dismiss him from the action.

## C. Plaintiff Has Failed To Comply With The Rules Governing Joinder

While Fed. R. Civ. P. 20 allows for joinder of individual claims against multiple defendants, it requires that all claims arise from a single transaction or a series of closely related transactions.  Specifically:"Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20.

In contrast, the case at bar alleges that nineteen separate individuals downloaded different films at different times from (based on their IP addresses) different parts of the country[4].  About the only thing the Defendants have in common (other than the alleged infringement) is their use of Earthlink as an ISP.

As this Court is aware, joinder based on *separate* but similar acts of copyright infringement over the internet has been repeatedly rejected by courts across the country.[5] Courts have similarly rejected joinder based on use of the same technology. *See:* <u>Tele-Media Co. of Western Connecticut v. Antidormi,</u> 179 F.R.D. 75 (D.Conn. 1998) (denying joinder of 104 defendants who each used similar technology to infringe plaintiff's pay-per-view programming, because defendants did not act in concert).

Here, the only possible connection between the Defendants Motion is the Plaintiff's conclusory assertion that each is connected to the others via the Internet and use of the "eDonkey2000" program to infringe on the Plaintiff's copyrighted work. There is no

---

[4] The only exceptions are Does 7 and 8, who allegedly downloaded the same film, "Cop Shack II".

[5]     <u>LaFace Records, LLC v. Does 1-38,</u> No. 5:07-CV-298-BR, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."); <u>BMG Music v. Does 1-4,</u> No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court severed multiple defendants in action where the only connection was use of the same ISP to allegedly commit infringement); <u>In re Cases Filed by Recording Companies,</u> filed in <u>Fonovisa, Inc. et al. v. Does 1-41</u> (No. A-04-CA-550 LY); <u>Atlantic Recording Corporation, et al. v. Does 1-151</u> (No. A-04-CA-636 SS), <u>Elektra Entertainment Group, Inc. et al. v. Does 1-11</u> (No. A-04-CA-703 LY); and <u>UMG Recordings, Inc., et al. v. Does 1-51</u> (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing).

demonstrable proof showing that Doe No. 4 or any joining defendant either seeded or downloaded the copyrighted work from other individual Doe defendants.

Moreover, Doe No. 4 may have different defenses available compared to the other Does, or even other Moving Defendants. Unlike other infringement cases where joinder has been maintained,[6] against a similar, localized and "finite community" of alleged infringers, here we literally have a score of defendants located across the United States, with differing potential defenses available.

Fed. R. Civ. P. 21 authorizes the Court to cure the improper joinder of parties by acting "on its own . . . at any time," to "drop a party." Accordingly, Doe No. 4 respectfully requests that this Court cure Plaintiff's improper joining of him to this action by severing him from it.

## III.   Affidavit of Doe No. 4

1. I am DOE NO. 4, a resident of Austin Texas.

2. On or about October 7, 2010 I received a letter from my Internet Service Provider, Earthlink, advising me that they had received a subpoena issued by the Plaintiff in this action for my private customer record.

3. I am not engaged in business in California..

4. I do not own real property in California.

5. I have not agreed to supply services in California.

6. I do not use any real property in California.

7. I do not regularly do or solicit business in California.

8. I was not present in California on June 7, 2010.

---

[6]   Arista Records LLC v. Does 1-16, 2009 WL 414060 at *8 (N.D.N.Y. 2009); Elektra Entm't Group, Inc. v. Does 1-9, 2004 WL 2095581, at *8 (S.D.N.Y. 2004) (not cited).

Accordingly, I respectfully request that this Court QUASH the subpoena issued to Earthlink for my personal records and DISMISS me from this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 18th day of October, 2010

/S/<u>Doe No. 4</u>
Doe Defendant No. 4

## IV.   Conclusion

For the reasons set forth above, Doe No. 4 respectfully requests that this Court QUASH the subpoena issued to Earthlink for his personal records, DISMISS him from this action and GRANT all such and other relief as it deems just and proper.

Respectfully submitted this 18th day of October, 2010

/S/<u>*Christina A. DiEdoardo*</u>
Christina A. DiEdoardo
California Bar No. 258714

## CERTIFICATE OF SERVICE

I am Christina A. DiEdoardo, an attorney licensed to practice law before all of the Courts of the states of California and Nevada as well as the Ninth Circuit Court of Appeals.  On October 18, 2010 I sent a true and complete copy of the foregoing Doe Defendant 4's Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3) and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) via United States Mail  to the following parties and/or their attorneys of record:

Mr. D. Gill Sperlein, Esq.,
The Law Office of D. Gill Sperlein
584 Castro Street Suite 879
San Francisco CA 94114

Ms. Fay Slaveikis
Risk Management and Litigation Manager
EarthLink
1375 Peachtree St Level A
Atlanta, Georgia 30309


I also sent a courtesy copy to:

The Hon. Susan Illston
United States District Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102


I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of October, 2010

                          /S/Christina A. DiEdoardo
                          Christina A. DiEdoardo
                          California Bar No. 258714