IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC, <br><br>          Plaintiff, <br><br>   v. <br><br> DOES 1-19, <br><br>          Defendant. | No. C 10-03851 SI <br><br> **ORDER DENYING MOTION TO QUASH; GRANTING A LIMITED PROTECTIVE ORDER; DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION; AND GRANTING MOTION TO SEVER** |

Currently before the Court are Doe Defendant 4's Motion to Quash and Motion to Dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court orders as follows.

**BACKGROUND**

Plaintiff filed this copyright infringement case on August 27, 2010, alleging that nineteen "Doe" defendants illegally copied and shared plaintiff's copyright protected materials on a peer-to-peer network. Plaintiff identified IP addresses associated with each of the nineteen Does and moved this Court for permission to take early discovery, specifically to issue a subpoena to ISP Earthlink, Inc. in order to identify the name, address, e-mail address and telephone number of the subscribers associated with the identified IP addresses. On September 23, 2010, the Court granted plaintiff's request for leave to take the specified discovery, requiring that Earthlink notify the subscribers of the subpoena so that they have the opportunity to object and/or move to quash prior to the disclosure of the information sought. The subpoena to Earthlink was, apparently, issued from the Northern District of Georgia.

On October 18, 2010, "Doe Defendant 4" filed a motion to quash the subpoena, and a motion to dismiss for lack of jurisdiction and misjoinder. Doe 4 admits that his IP address is the same IP address that plaintiff alleges was used to illegally reproduce one of plaintiff's copyrighted works. *See* Motion at 9; *see also* Complaint ¶ 25 ("Defendant Doe 4, without authorization, reproduced Plaintiff's registered work Campus Pizza (U.S. registration No. PA 1-597-987) and distributed it on June 7, 2010 from the IP address 24.206.70.218.").

**DISCUSSION**

**1.    Motion to Quash**

Doe 4 asks the Court to quash the subpoena as to the release of his information because disclosure of his identity would invade his privacy – by publicly associating him with the download of homosexual pornography – and because the Court lacks personal jurisdiction over him. However, a motion to quash must be filed in the Court where the subponea issued. *See* Fed. R. Civ. Proc. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena that. . . ."); *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas."). The subpoena which is the subject of this motion issued from the Northern District of Georgia.

Plaintiff recognizes that there is a split of authority as to whether the Court which issued a subpoena can *transfer* a motion to quash to the Court with underlying jurisdiction over the case. *See, e.g., United States v. Star Sci.*, 205 F. Supp. 2d 482, 485 n.4 (D. Md. 2002) (noting that courts in the Eighth and Tenth Circuits have supported such transfers, while courts in the Seventh and D.C. Circuits have found transfer of discovery disputes inappropriate). However, Doe 4 has not followed the normal procedure – asking the issuing Court to transfer his motion to quash to this Court – but instead has filed the motion with this Court in the first instance. *See id.* at n.3 ("Obviously, a court issuing a subpoena also has a strong interest in the enforcement of its subpoenas. Thus, a nonparty could never seek transfer of a discovery dispute as a matter of right, over the objection of the court that issued the subpoena.").

Doe 4 has offered no authority to support his attempt to have this Court rule on the motion to quash. Instead, Doe 4 argues that it would be unfair to require him to move to quash in Georgia or ask

2

the Georgia Court to transfer the issue here. At least one court in this district, however, has cured a similar procedural defect by treating a motion to quash as a motion for a protective order, which this Court can properly address. *See Wells v. GC Servs., LP*, 2007 U.S. Dist. LEXIS 29447 (N.D. Cal. Apr. 10, 2007) (not for citation).

For purposes of judicial economy, and in light of Doe 4's consent to this forum – at least for purposes of determining his pending motions – the Court will consider Doe 4's motion as one for a protective order. As noted in the Order granting plaintiff leave to take early discovery (Docket No. 12), plaintiff has made a *prima facie* showing of copyright infringement against the Doe defendants and that showing outweighs the limited expectation of privacy each Doe has in the information sought by plaintiff. *Id*. at 4. Therefore, the Court finds as follows: To the extent Doe 4 seeks to prevent Earthlink from disclosing his identifying information to plaintiff, the motion is DENIED. However, the Court will GRANT a protective order to the limited extent that any information regarding Doe 4 released to plaintiff by Earthlink shall be treated as confidential for a limited duration. Specifically, plaintiff shall not publicly disclose that information until Doe 4 has the opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court.[1] If Doe 4 fails to file a motion for leave to proceed anonymously within 30 days after his information is disclosed to plaintiff's counsel, this limited protective order will expire.

### 2. Motion to Dismiss for Lack of Personal Jurisdiction

Doe 4 also moves to dismiss the case for lack of personal jurisdiction. Doe 4 asserts that publicly available IP lookup tools show that the IP address plaintiff alleges was used by Doe 4 is located in Austin, Texas. Motion at 9. Doe 4 also submits an affidavit explaining that he was notified of the subpoena by his ISP; that he is a resident of Austin, Texas; that he was not in California on June 7,

---

[1] The Court notes that the standard a litigant must meet to be allowed to proceed anonymously is a high one. *See Doe v. Advanced Textile Corp*., 214 F.3d 1058, 1068-1069 (9th Cir. 2000).

3

2010; and that he is not engaged in any business in California and generally lacks any contact with California. *Id*. at 15-16.[2]

Plaintiff responds that Doe 4's motion to dismiss for lack of personal jurisdiction is premature, as Earthlink has not released the information regarding the IP address associated with Doe 4 and, therefore, Doe 4 has not been identified. Oppo. at 5. Plaintiff also argues that the individual appearing here as Doe 4 may not actually be Doe 4. *Id*. at 5-6. The complaint identifies Doe 4 as someone who "used" the identified IP address to illegally reproduce plaintiff's work. Complaint ¶ 25. Plaintiff raises the possibility that the IP address at issue may have been used by someone other than movant to engage in the illegal conduct. Oppo. at 5-6.

The Court agrees that this motion is premature, and denies the motion to dismiss for lack of jurisdiction without prejudice. The Court, and plaintiff, cannot adequately determine if personal jurisdiction exists until Doe 4 either identifies himself to the Court and plaintiff's counsel or he is identified by Earthlink. Therefore, in order to rule on the motion to dismiss for lack of jurisdiction, Doe 4 must submit a declaration identifying himself, identifying his residence, and identifying his connections, or lack thereof, with California. That declaration may be filed under seal and the plaintiff and the Court shall treat the information as confidential until such time as the Court rules on Doe 4's motion for leave to proceed anonymously. A renewed motion to dismiss for lack of jurisdiction may be filed contemporaneously with the declaration identifying Doe 4.

**3.    Misjoinder**

Finally, Doe 4 argues that he should be dismissed from this case as each of the Doe defendants has been misjoined. Generally, Federal Rule of Civil Procedure 20 provides that parties may be joined in a lawsuit where the claims against them arise from a single transaction or a series of closely related

---

[2] Plaintiff objects and moves to strike various portions of the Doe 4's brief, including portions of Doe 4's affidavit. *See* Docket No. 17. The Court has reviewed the portions of the brief and affidavit objected to and while recognizing that some of the purported factual assertions could have been better substantiated and/or presented in a declaration, as the Court does not rely on the factual assertions in Doe 4's brief or the legal conclusion in Doe 4's affidavit in ruling on the pending motions, plaintiff's objections and requests to strike are DENIED. Likewise, Doe 4's objection that plaintiff violated amended Local Rule 7-3(a) by failing to make the objections in his brief and request that the Court ignore them is recognized and DENIED

transactions. If misjoinder is apparent, under Rule 21, the Court is authorized to "drop" or "sever" a misjoined party from the case.

Here, the complaint alleges that nineteen different defendants reproduced eighteen different copyrighted films on fifteen different days. Complaint ¶¶ 21-40. The complaint does allege that the defendants "conspired" with each other to provide infringing reproductions of various copyright protected works, but those allegations are wholly conclusory and lack any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights in any of the protected works. *See* Complaint ¶ 5 (each defendant was acting as the "agent and representative" of the other defendants); ¶ 11 (unspecified defendants conspired "with other individuals, including the other DOE Defendants, to reproduce and distribute Plaintiff's copyrighted works"); *see also* ¶¶ 52-54.

The only factual allegation connecting the defendants is the allegation that they all used the "eDonkey 2000" peer-to-peer network to reproduce and distribute plaintiff's copyrighted works. *Id.*, ¶¶ 11, 21. Allegations that defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted works, however, have been held to be insufficient for joinder of multiple defendants under Rule 20. *See, e.g.*, *Laface Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and P2P network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does* 1-12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV,*

5

*INC*. 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view plaintiff's programming without authorization).

Plaintiff does not respond to the misjoinder argument raised by Doe 4. The Court agrees with Doe 4 that based on the allegations in the complaint, joinder of all nineteen Doe defendants is inappropriate. However, as Doe 4 has appeared in this case to contest personal jurisdiction, the Court will not "drop" Doe 4 from this case. Instead, the Court orders that Doe defendants 1-3 and 5-19 are SEVERED and DISMISSED from this action. Plaintiff can refile separate complaints against Doe defendants 1-3 and 5-19 within twenty (20) days from the date of this Order. If plaintiff files new complaints within twenty (20) days, such actions shall be deemed a continuation of the original action for purposes of the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court considers Doe 4's motion to quash as a motion for a protective order and grants it in limited part, preventing plaintiff from publicly disclosing the information from the Earthlink subpoena regarding Doe 4 until Doe 4 files a motion to proceed anonymously in this litigation. Defendant's motion to dismiss for lack of jurisdiction is DENIED without prejudice and may be renewed upon the filing of the declaration identified above. Finally, Plaintiff's motion to sever the defendants in this case is GRANTED, and Doe defendants 1-3 and 5-19 are SEVERED and DISMISSED from this case.

**IT IS SO ORDERED.**

Dated: December 7, 2010

SUSAN ILLSTON
United States District Judge