IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC, | No. C 10-03851 SI |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART MOTION TO PROCEED ANONYMOUSLY** |
| v. | |
| DOES 1-19, | |
| Defendant. | |

Currently before the Court is Doe Defendant 4/subscriber's motion to dismiss, or in the alternative, for leave to proceed anonymously. The motion is scheduled for hearing on March 4, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES the motion to dismiss and GRANTS a limited extension of the protective order already in place.

Plaintiff filed this copyright infringement case on August 27, 2010, alleging that nineteen "Doe" defendants illegally copied and shared plaintiff's copyright protected materials on a peer-to-peer network. Plaintiff identified IP addresses associated with each of the nineteen Does and moved this Court for permission to take early discovery, specifically to issue a subpoena to ISP Earthlink, Inc. in order to identify the name, address, e-mail address and telephone number of the subscribers associated with the identified IP addresses. On September 23, 2010, the Court granted plaintiff's request for leave to take the specified discovery, requiring that Earthlink notify the subscribers of the subpoena so that they have the opportunity to object and/or move to quash prior to the disclosure of the information sought. The subpoena to Earthlink was issued from the Northern District of Georgia.

An Earthlink subscriber, appearing as "Doe Defendant 4" ("Subscriber"), filed a motion to quash the subpoena, and a motion to dismiss for lack of jurisdiction and misjoinder. The Court considered the motion to quash as a motion for a protective order and granted it in limited part, preventing plaintiff from publicly disclosing the information from the Earthlink subpoena regarding the subscriber whose IP address is associated with Doe 4's alleged infringement until Subscriber filed a motion to proceed anonymously in this litigation. The Court also found that the motion to dismiss for lack of jurisdiction was premature and denied it without prejudice. Finally, the Court granted the motion to sever, and dismissed Doe defendants 1-3 and 5-19 from this action. *See* December 7, 2010 Order [Docket No. 23].

Currently before the Court is the Subscriber's motion to dismiss under Fed. R. Civ. Proc. 4(m) for failure to timely serve the complaint, as well as his motion to be allowed to proceed anonymously in this litigation based on concerns about being publicly named in a complaint involving alleged copyright infringement of gay pornography. [Docket No. 25]. Plaintiff opposes both motions, arguing that good cause under Rule 4(m) exists for an extension of the time for service because plaintiff needs to take third-party discovery before he is able to identify, definitely, Doe 4. Plaintiff points out that the complaint identifies Doe 4 as follows: "Defendant Doe 4, without authorization, reproduced Plaintiff's registered work *Campus Pizza* . . . and distributed it on June 7, 2010 from the IP address 24.206.70.218." Complaint, ¶ 25. Plaintiff also notes that Subscriber has asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe plaintiff's work. Opposition at 2. Therefore, plaintiff reasonably asserts that before it can name Subscriber as Doe 4, it must take third-party discovery from Subscriber to attempt to identify who actually used Subscriber's IP address to allegedly infringe plaintiff's work. *Id.*, 2-5.

With respect to proceeding anonymously, plaintiff does not oppose a limited extension of the protective order prohibiting plaintiff from publicly disclosing the identity of the Subscriber whose IP address was allegedly used by Doe 4 to infringe plaintiff's work, but asserts that if Subscriber is positively identified as Doe 4 through third-party discovery, he should not be able to proceed anonymously as he has failed to meet the high threshold required under Ninth Circuit precedent. *Id.*, 5-8.

The Court notes that Subscriber's identifying information was disclosed to plaintiff, pursuant

2

to the Earthlink subpoena, in early January. The Court also notes that both sides agree that Subscriber lives in Austin, Texas. However, the fundamental issue faced by the Court is that Doe 4 has not been identified and has not been served. While the Court has significant concerns that it lacks personal jurisdiction over Subscriber, the Court cannot say the same about "Doe 4."

As such, the Court DENIES plaintiff's motion to dismiss for failure to timely serve under Rule 4(m) and GRANTS plaintiff an additional sixty (60) days to serve Doe 4. Considering that Subscriber is still a non-party to this litigation, and plaintiff does not object, the Court GRANTS in limited part Subscriber's motion to be allowed to proceed anonymously and extends the protective order in place prohibiting plaintiff from disclosing the identity of Subscriber until further order of the Court. This protective order shall not restrict plaintiff's ability to seek third-party discovery from Subscriber.

**IT IS SO ORDERED.**

Dated: March 1, 2011

SUSAN ILLSTON
United States District Judge